IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al. )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>DISTINCTIVE DEVELOPMENT LTD., )<br>Defendant. )<br>_____) | Civil Action No. 6:12-cv-462-LED |

### DEFENDANT DISTINCTIVE DEVELOPMENT LTD.'S MOTION TO TRANSFER VENUE

Distinctive Development Ltd. ("Distinctive") joins and incorporates by reference Electronic Arts, Inc.'s ("EA") Motion to Transfer (ECF No. 18) filed in Case No. 6:12-cv-463. This case should be transferred to the Northern District of California ("N.D. California") for numerous reasons described in greater detail in EA's motion. First, key non-party invalidity or non-infringement witnesses are located in N.D. California. Plaintiffs'[1] infringement allegations stem from Distinctive's use of a non-party software application, Google Play Licensing, which was designed, developed and maintained by Google employees located in N.D. California. Additionally, non-party prior art system owners and inventors[2] also are located in the N.D. California.

Second, interestingly, California also appears more convenient for Uniloc. Uniloc is a California-based company with no ties to Texas. Other than filing the requisite incorporation paperwork in 2010, Uniloc has no other ties to Texas—none of its operations are in Texas, and it has no employees in Texas. Instead, Uniloc is

---

[1] Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Uniloc").
[2] This prior art was included in Defendant's Answer. *ECF Doc. 13.*

headquartered in Irvine, California, and all of its officers and operations are located in Irvine. Further, Uniloc has frequently litigated, by its own choosing, in California.

Third, information specific to Distinctive further supports transfer. As a threshold matter, Distinctive is subject to the jurisdiction of N.D. California because it has offered for sale and sold products in that jurisdiction. **Exhibit A**, Distinctive Dec. at 4. Regarding the private interest factors, Distinctive has relevant witnesses and documents located in California as well as overseas. *Id.* at 3. Proceeding in the N.D. California is far more convenient for these witnesses. In contrast, Distinctive has no employees, property, or offices located in Texas. *Id.* As such, Distinctive has no relevant witnesses or documents in the Eastern District of Texas. *Id.* It would be substantially more convenient for Distinctive if this case is transferred to the N.D. California. *Id.* at 5.

For all the reasons set forth in EA's Motion as well as the additional reasons stated above, balancing all the private and public interest factors applicable to the §1404(a) analysis, the overwhelming weight falls in favor of transferring these cases to the N.D. California.

DATED: November 14, 2012

Respectfully submitted,

ERISEIP, P.A.

By: /s/ *Megan J. Redmond*
Megan J. Redmond (*pro hac vice*)
Eric A. Buresh (*pro hac vice*)
Caroline A. Bader (*pro hac vice*)
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas 66211
(913) 777-5600
(913) 777-5601 – fax
megan.redmond@eriseip.com

>Melissa R. Smith
>GILLAM & SMITH, LLP
>303 South Washington Avenue
>Marshall, Texas 75670
>(903) 934-8450
>(903) 934-9257 – fax
>Melissa@gillamsmith.com
>
>*Attorneys for Defendant Distinctive Development Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via the Court's CM/ECF system this 14th day of November, 2012.

>/s/ *Melissa R. Smith*
>Melissa R. Smith

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant conferred with Plaintiff's counsel on November 7, 2012, and Plaintiff opposes the filing of this motion.

>/s/ *Melissa R. Smith*
>Melissa R. Smith