IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> v. <br><br> DISTINCTIVE DEVELOPMENTS LTD., <br><br> Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:12-cv-462 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc), file this Opposition to Defendant Distinctive Developments' Motion to Transfer Venue to the Northern District of California ("NDCA") and would show the Court the following:

Distinctive Developments "joins and incorporates by reference Electronic Arts, Inc.'s ("EA") Motion to Transfer (ECF No. 18) filed in Case No. 6:12-cv-463" ("EA Motion"). Motion, p. 1. Uniloc has filed an Opposition to EA's Motion (Dkt. No. 32 in Case No. 6:12-cv-463), which is hereby incorporated by reference.

Distinctive Developments has not raised any new arguments concerning Google or third party witnesses that have not already been addressed in Uniloc's Opposition to EA's Motion. Likewise, Distinctive Developments incorrectly contends that Uniloc is a California company with no ties to Texas. Uniloc has submitted ample evidence of its Plano, Texas headquarters and strong ties to this District in the EA Opposition.

The only new evidence from Distinctive Developments concerns the location of its documents and party witnesses. Distinctive Developments states that it has "relevant witnesses

1

and documents located in California as well as overseas." Motion, p. 2. However, the declaration submitted by Distinctive Developments details no documents or witnesses in California. Rather, the supporting declaration submitted by Distinctive Developments states that "[d]ocuments regarding the design, development, and maintained of Rugby Nations 11 are located at the facilities in Sheffield, England." Little Decl. (Dkt. No. 19-1), ¶ 3. In addition, all of the witnesses identified are located in Sheffield. *Id*. Thus, no specific documents or witnesses are noted as being located in the NDCA.

The Court is supposed to consider the convenience of the witnesses and parties. In *Volkswagen I,* the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204-5 (5th Cir. 2004). However, when applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech,* 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"); *Novartis Vaccines and Diagnostics, Inc. v. Wyeth*, No. 2:08-cv-067, 2010 U.S. Dist. LEXIS 31680, at *6 (E.D. Tex. Mar. 31, 2010) ("When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses."); *Ventronics Sys., LLC v. Drager Med. GmbH*, No. 6:10-CV-582, 2011 U.S. Dist. LEXIS 154793, *17 (E.D. Tex. Oct. 20, 2011) ("there are many potential witnesses located in Europe and Asia that may be relevant to this litigation . . . . Given the significant distance that these witnesses would be required to travel regardless of where this case were to be tried, the Court will discount them for purposes of this analysis.").

While Distinctive Developments contends that it would be more convenient for its witness and documents to be transported from England to the NDCA, this should not favor transfer given the resulting inconvenience for Uniloc's multiple party witnesses (Messrs. Burdick and Kowalec) and non-party witnesses (Messrs. Edelman and Mintzer and prosecuting attorneys in New York). *Invitrogen v. Gen. Elec. Co.,* No. 6:08-CV-113, 2009 U.S. Dist. LEXIS 9113, at *8-9, (E.D. Tex. Feb. 9, 2009) (finding this factor neutral with regard to party witnesses because, although the transferee district would be more convenient Defendants' witnesses, it would be less convenient for Plaintiff's witnesses).

Distinctive Developments has failed to show that relevant documents or witnesses are located in the NDCA. Since Distinctive Developments has failed to carry its burden to show that the NDCA is clearly more convenient, as well as for the reasons set forth in Uniloc's Opposition to EA's Motion, its Motion should be denied.

**Dated: December 27, 2012**               Respectfully submitted,

/s/ Steven W. Hartsell
Barry J. Bumgardner
Lead Attorney
Texas State Bar No. 00793424
Steven W. Hartsell
Texas State Bar No. 24040199
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

James L. Etheridge
Texas Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com

                T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Road, Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Steven W. Hartsell