**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC., et al. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:12-cv-462 |
| | ) | (Consolidated Lead Case) |
| DISTINCTIVE DEVELOPMENT LTD., | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO LIFT STAY AND
FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(c)**

Defendants[1] agree that there is good cause to lift the stay in this case,[2] but *only* to allow

the Court to enter judgment against Uniloc.  On December 3, 2014, the Patent Trials and Appeals

Board ("PTAB") issued its Final Written Decision invalidating the sole asserted claim in this

case—claim 107 of U.S. Patent No. 6,857,067 ("'067 patent")—and the time for appeal of the

Decision has expired.  Thus, Uniloc has no valid claim of infringement remaining in this case.

For this reason, Defendants are entitled to entry of judgment against Uniloc.

**1.  The Court Should Lift The Stay.**

Defendants filed an *inter partes* review ("IPR") that targeted asserted claim 107.  Uniloc

then approached the Defendants about staying this litigation, and Defendants agreed. ECF 55.  In

support of that motion to stay, Uniloc admitted and represented that, if its single asserted claim

107 were invalidated during the IPR, the litigation would be moot.  *Id.* at 2.  The Court granted

the motion to stay and ordered, "any party may request the Court lift the stay and the Court will

do so only upon a showing of good cause." ECF 59.  Good cause exists to lift the stay because

the IPR has concluded—the PTAB has invalidated claim 107, and the time for appeal of that

---

[1]     Defendants joining this Motion are: Distinctive Development Ltd., Electronic Arts, Inc.,
Gameloft, S.A., Halfbrick Studios Pty Ltd., Laminar Research, LLC, Mojang A.B., and Square Enix, Inc.
[2]     *See* Defendants' contemporaneously-filed response to Uniloc's motion to lift the stay. (ECF 71).

decision has passed.  As such, the reasons for imposing the stay have vanished, and the purpose of granting the stay has been met.  Specifically, the stay simplified this case because the PTAB invalidated Uniloc's sole asserted claim.  There is good cause to lift the stay.

## 2.   This Court Should Enter Judgment Against Uniloc On The Pleadings.

Because the PTAB invalidated the sole asserted claim in this case, the proper mechanism for concluding the litigation is a judgment against Uniloc on the pleadings.[3]  *Wave Loch, Inc. v. American Wave Machines, Inc.*, No. 08-cv-928 BAS (NLS), 2014 WL 7261552, at *3 (S.D. Cal. Sept. 30, 2014) (granting motion for judgment on the pleadings and denying a motion to amend the infringement contentions to add new asserted claims when all of the previously asserted claims had been cancelled during reexamination); *see also, e.g.*, *Clear with Computers, LLC v. Dick's Sporting Goods, Inc.*, 21 F. Supp. 2d 758, 767, 769 (E.D. Tex. Jan. 21, 2014) (granting motion for judgment on the pleadings where asserted claims found invalid).

Under Rule 12(c), Defendants are entitled to judgment on the pleadings if the Plaintiff's allegations do not support a claim that is plausible on its face. *Clear with Computers, LLC*, 21 F. Supp. 2d at 762.  When ruling on a Rule 12 motion, the Court may rely on the complaint, documents properly attached to the complaint, and matters of which a court may take judicial notice.  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011); *see also* Fed. R. Evid. 201(b) (providing that a court may take judicial notice of a fact that is not subject to reasonable dispute because it is either "(1) generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined by resort to sources whose accuracy

---

[3]      Notably, Uniloc should not be permitted to amend it complaint and infringement contentions as that would allow Uniloc an unfair "do over" of the litigation and cause prejudice to the defendants.  *See, e.g.*, *Wave Loch, Inc. v. American Wave Machines, Inc.*, 2014 WL 7261552, at *3 (S.D. Cal. Sept. 30, 2014) (denying request to add new asserted claims when all asserted claims had been cancelled during reexamination); *Alt v. Medtronic, Inc.*, 2005 WL 6259386, at *2 (E.D. Tex. Oct. 28, 2005) (denying a motion to amend infringement contentions, in part, because of prejudice to the defendant); *See also* Defendants' Opposition to Plaintiff's Motion to Lift the Stay (ECF 71).

cannot reasonably be questioned."). Here, the Court may take judicial notice of the PTAB's Final Written Decision in the IPR, *see, e.g.*, *Wave Loch, Inc.*, 2014 WL 7261552, at *3 (taking judicial notice of reexamination certificate), as well as Uniloc's infringement contentions, which define the asserted claims under the Court's Patent Rules. *Id.*

Uniloc's Complaint alleged direct infringement of "one or more claims of the '067 patent, including at least claim 107."[4] Uniloc's infringement contentions confirmed that claim 107 was the only asserted claim. **Ex. 1-7**, *Uniloc's P.R. 3-1 Disclosures Cover Pleading Served on Defendants*, at 1. The parties conducted extensive party and third party discovery relating to claim 107, including Uniloc's inspection of Defendants' source code. The parties also exchanged proposed terms for construction from claim 107. Further, Defendants' decision to file an IPR was based on Uniloc's election of claim 107. On December 3, 2014, the PTAB issued its Final Written Decision, concluding that claim 107 was unpatentable. **Ex. 8**, PTAB Final Written Decision, at 2, 26. The deadline for Uniloc to appeal the Final Written Decision passed on February 4, 2014. Thus, the PTAB's decision is final.

Once the PTAB invalidated claim 107, Uniloc's cause of action was extinguished. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). Uniloc was well aware of this eventuality when it filed the Joint Motion to Stay Pending IPR, admitting by nearly identical language as found in *Fresenius* that, if claim 107 was "deemed invalid, the present litigation becomes moot."

---

[4]     *Uniloc USA, Inc., et al. v. Distinctive Developments, Ltd.*, Case No. 6:12-cv-462 (ECF 1, at ¶12); *Uniloc USA, Inc., et al. v. Electronic Arts, Inc.*, Case No. 6:12-cv-463 (ECF 1, at ¶12); *Uniloc USA, Inc., et al. v. Gameloft S.A.*, Case No. 6:12-cv-466 (ECF 1, at ¶12); *Uniloc USA, Inc., et al. v. Halfbrick Studios Pty Ltd.*, Case No. 6:12-cv-467 (ECF 1, ¶12); *Uniloc USA, Inc. et al. v. Laminar Research, LLC*, Case No. 6:12-cv-468 (ECF 1, ¶12); *Uniloc USA, Inc. et al. v. Mojang AB*, Case No. 6:12-cv-470 (ECF 1, ¶12); *Uniloc USA, Inc. et al. v. Square Enix, Inc.*, Case No. 6:12-cv-472 (ECF 1, ¶12).

ECF 55, at 2; compare with *Fresenius USA, Inc.*, 721 F.3d at 1347.  Here, because the PTAB

deemed claim 107 invalid, Uniloc no longer has a viable infringement claim.  The Court should

enter judgment against Uniloc.


DATED:  March 2, 2015                    Respectfully submitted,

                                         ERISEIP, P.A.


                                         By: /s/ *Megan J. Redmond*
                                         Megan J. Redmond (*pro hac vice*)
                                         Eric A. Buresh (*pro hac vice*)
                                         Caroline A. Bader (*pro hac vice*)
                                         ERISE IP, P.A.
                                         6201 College Blvd., Suite 300
                                         Overland Park, Kansas  66211
                                         (913) 777-5600
                                         (913) 777-5601 – fax
                                         megan.redmond@eriseip.com

                                         Melissa R. Smith
                                         GILLAM & SMITH, LLP
                                         303 South Washington Avenue
                                         Marshall, Texas  75670
                                         (903) 934-8450
                                         (903) 934-9257 – fax
                                         Melissa@gillamsmith.com

                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via the Court's CM/ECF system this 2nd day of March, 2014.

/s/ *Megan J. Redmond*
Megan J. Redmond

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 5, 2015, I met and conferred via telephone with Plaintiff's counsel, Terrance Newby, in compliance with Local Rule CV-7(h), who stated that Uniloc opposed Defendants' motion to lift the stay and dismiss the case.  On February 25, 2015, I emailed Mr. Newby to inform him that Defendants intended to file a motion to lift the stay and for judgment on the pleadings as opposed to a motion to dismiss.  On February 26, 2015, Mr. Newby confirmed that no further meet and confer was necessary and Uniloc still opposed Defendants' motion.

/s/ *Megan J. Redmond*
Megan J. Redmond