IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 6:12-cv-462 (Consolidated Lead Case) |
| v. | § § | |
| Distinctive Developments, Ltd. | § § | CONSOLIDATED WITH 6:12-CV-470 |
| Defendant. | § § § § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF OPPOSED MOTION TO LIFT STAY**

Pursuant to Local Rule CV-7, Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") submit this reply brief in support of their opposed motion to lift the stay that is currently in effect in this case.

**INTRODUCTION**

In their response, Defendants raise four substantive arguments: (1) Claim 107 was the only asserted claim in the case, and it has now been invalidated; (2) the parties did not contemplate amending pleadings or adding claims, even though the Court issued an order expressly allowing the parties to amend pleadings; (3) Defendants will be prejudiced if Plaintiffs amend their complaint and infringement contentions; and (4) allowing Plaintiffs to amend would be "claim splitting." (Dkt. No. 71.) The first three arguments are factually false, while the fourth

is simply an incorrect statement of the law.[1]

### A. The Complaints and Pleadings Were Not Limited to Solely Claim 107.

Plaintiffs asserted that defendants were directly infringing "*one or more claims*" of the '067 patent, "including *at least claim 107*." Dkt. No. 1, ¶ 12.[2] In addition, when Plaintiffs served their PR 3-1 infringement contentions on November 19, 2012, they made the following disclosures:

> Uniloc makes these Disclosures based on the information presently available to it. Discovery in this case has not begun and Uniloc reserves its right to amend or supplement these Disclosures as permitted by the Federal Rules of Civil Procedure, by the Local Rules of the Eastern District of Texas (including the EDTX Local Patent Rules), and by order of the Court.
>
> Discovery has not started and Uniloc reserves the right supplement and/or amend these contentions as proprietary information is learned during discovery and as allowed by the Local Rules of the Eastern District of Texas, the Federal Rules of Civil Procedure, or by Order of the Court.

Dkt. Nos. 71-1 to 71-7 at 1-2.

Thus, neither the Complaints nor the infringement contentions were limited solely to Claim 107. Defendants seize upon one isolated statement in the joint motion to stay that "if the asserted claim in this case is deemed invalid, the present litigation becomes moot." Dkt. No. 55 at 2. In making this statement jointly, the parties simply intended that if Claim 107 was invalidated, Claim 107 would no longer be in the case. The parties clearly contemplated that the litigation could continue with other claims: "Specifically, if the . . . *'067 patent survives*,

---

[1] Defendants don't oppose lifting the stay, but only so the Court can dismiss the case. Dkt. No. 71 at 1. Curiously, Defendants have also filed a separate motion to lift the stay and dismiss the case. Dkt. No. 72. Thus Defendants oppose Plaintiffs' motion to lift the stay, but simultaneously ask the Court to lift the stay for a different purpose. Filing a separate motion asking for the same relief sought here is pure gamesmanship. Plaintiffs will respond separately to Defendants' motion to lift the stay.

[2] The Complaint in the earliest filed case, Distinctive Developments, was filed July 20, 2012. Civ. No. 6:12-cv-00462-LED, Dkt. No. 1. All docket number references in this reply brief are to pleadings filed in the Distinctive Developments lead case.

Defendants' prior art references will be subject to statutory estoppel and will be eliminated from the case." Dkt. No. 55 at 2.  Claims 21 and 22 of the '067 patent have survived.  And because Plaintiffs asserted "one or more" infringed claims, there is no bar to amending the complaints to assert that Defendants infringe Claims 21 and 22.

### B.     The Court's Orders Allowed the Parties to Amend Pleadings.

The Court's order granting the joint motion to amend the docket control order (Dkt. No. 57), specifically allowed the parties to seek leave to amend pleadings, even if the amendment altered infringement or invalidity contentions, which required a separate motion:

> <u>Amended Pleadings (pre-claim construction) due from all parties</u>.  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. *However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline*.

Dkt. No. 57 at 1, emphasis added.

Defendants contend that the order does not really say what it says, and that the *sole* purpose of the order "was to allow the Court time to rule on the motion to stay." Dkt. No. 71 at 2.  This argument flatly contradicts the plain language of the order, and the procedural posture of the case.

On July 17, 2013, the parties jointly moved to stay the case pending the IPR.  Dkt. No. 55.  On July 24, the parties jointly moved to amend the docket control order:  "Since opening claim construction briefs are not due until November 1, the parties request that several upcoming deadlines be extended as follows while the Court considers the Parties' Joint Motion to Stay." Dkt. No. 56 at 1.  On July 31, 2013, the Court issued its order extending the deadline for motions to amend pleadings to September 16, 2013, as explained above. Dkt. No. 57 at 1.  There would have been no reason for the Court to even consider extending the deadline for amending

pleadings if the Court did not contemplate one of the parties filing amended pleadings. Although allowing time to consider the motion to stay was one reason for the order, it was not the *sole* reason – the Court could have simply ruled that all pending deadlines were stayed while the court considered the motion, without specifically allowing the parties to amend pleadings before claim construction.

### C. Amending the Pleadings Will Not Prejudice Defendants.

Defendants prejudice argument collapses under the weight of one inescapable fact: Defendants filed an IPR, and challenged several claims, not just Claim 107. Defendants clearly contemplated that more than Claim 107 was at issue, or else they would not have challenged other claims.

Consider this bold statement: "Defendants would be prejudiced by Uniloc's assertion of new claims because Defendants could no longer file an IPR proceeding on the newly asserted claims." Dkt. No. 71 at 4. Defendants made this statement without knowing which claims would be newly asserted, or if the newly asserted claims had already been part of the IPR. If the motion to lift the stay is granted, Plaintiffs will amend their complaints to allege infringement only of Claims 21 and 22. These claims have already survived the IPR. Thus, the "prejudice by new claims" argument simply vanishes if Claims 21 and 22 are the only newly asserted claims. There will be no prejudice to Defendants.

### D. Amending An Existing Complaint is Not Claim Splitting.

As explained by Defendants' authorities, claim splitting occurs when a litigant splits its claims into multiple actions when the litigant should have brought the claims in a single action. *Civix-DDI, LLC v. Expedia, Inc.*, 2005 U.S. Dist. Lexis 9493 at *12 (N.D. Ill. May 2, 2005).

Amending pleadings within an *existing* lawsuit is not claim splitting, because it does not create a separate lawsuit. *Id.* Allowing the amendment is not claim splitting.

Accordingly, Plaintiffs request that this Court lift the stay currently pending (Dkt. No. 59), so that Plaintiffs can seek leave to amend their complaints and infringement contentions to assert that only Claims 21 and 22 have been infringed. The parties can then resume discovery, and prepare for trial.

Respectfully submitted,

By: /s/ Terrance C. Newby

| | |
|---|---|
| Terrance C. Newby (MN Atty: #0254587) | James L Etheridge (TX Atty. #24059147) |
| Todd M. Johnson (MN Atty: #0052061) | **ETHERIDGE LAW GROUP** |
| Scott A. Johnson (MN Atty: #0124606) | 2600 E Southlake Blvd, Suite 120-324 |
| Jonathan D. Jay (MN Atty. #018603X) | Southlake, Texas 76092 |
| Mylene A. Landry (MN Atty: #0281554) | Phone: 817-470-7249 |
| **HELLMUTH & JOHNSON, PLLC** | Fax: 817-887-5950 |
| 8050 W. 78th Street | Email: jim@etheridgelaw.com |
| Edina, Minnesota 55439 | |
| Phone: 952-941-4005 | |
| Fax: 952-941-2337 | |

Email: tjohnson@hjlawfirm.com
sjohnson@hjlawfirm.com
jjay@hjlawfirm.com
tnewby@hjlawfirm.com
mlandry@hjlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March, 2015, I electronically filed the foregoing document with the clerk of the Court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated this 12th day of March, 2015.              /s/ Terrance C. Newby