IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., et al. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:12-cv-462 |
| | ) | (Consolidated Lead Case) |
| DISTINCTIVE DEVELOPMENT LTD., | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
<u>INFRINGEMENT CONTENTIONS</u>**

Uniloc's Motion to Amend its Infringement Contentions lacks any showing of diligence, and instead focuses almost exclusively on a purported lack of prejudice to Defendants. Defendants will address the prejudice Uniloc is causing, but in the first instance, it is important to note that Uniloc's approach is entirely flawed. The requirement of diligence is paramount in the "good cause" analysis, and the Court must not accept Uniloc's invitation to skip over it. The Federal Circuit has made clear that if a Plaintiff fails to show diligence in the first instance, the question of prejudice is irrelevant. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS."). Courts in this district require a showing of diligence to satisfy the good cause standard for amending infringement contentions in the wake of the *O2 Micro* decision. See, e.g., *Alexsam, Inc. v. IDT Corp.*, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011); *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *4 (E.D.Tex. 2009).

1

On the question of diligence, Uniloc has no leg on which to stand. To demonstrate diligence, Uniloc must show 1) that it could not, despite an exercise of due diligence, have asserted Claims 21 and 22 at the original deadline for infringement contentions, and 2) that Uniloc acted diligently after the deadline passed to amend it contentions. Uniloc does not even attempt to argue diligence in either category. Uniloc provides no explanation regarding why it could not have originally asserted Claims 21 and 22 at the time of its Infringement Contentions. And Uniloc also does not come forth with any newly discovered evidence to justify the motion to amend. Uniloc failed to meet its burden of showing diligence.

Instead, Uniloc contends that its Amended Infringement Contentions are not prejudicial to Defendants. First, as noted, the question of prejudice is irrelevant if Uniloc fails to meet its burden to show diligence. Second, Uniloc's new infringement theory is focused on non-parties using claims of differing scope from the previously asserted Claim 107. Uniloc should not assert claims against Defendants that are clearly drawn to other non-parties. It is highly prejudicial to force the Defendants to now defend claims entirely focused on non-parties, after already defeating the one claim -- Claim 107 -- that was focused on them. And Uniloc's new infringement theories are completely contrary to its own admissions in support of its original theories. Uniloc already had its claim against the named Defendants decided, and Uniloc lost. Uniloc is not losing its ability to assert Claims 21 and 22 against non-party entities, but it should not get another go-around with the same Defendants in this case.

**A. It is Uniloc's Burden to Show "Good Cause" to Amend Its Infringement Contentions and Uniloc Failed to Meet Its Burden.**

Uniloc failed to meet its burden to show the requisite diligence to amend its infringement contentions. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The burden is on the movant to establish diligence rather than on the opposing party to

establish a lack of diligence."). The "good cause" standard requires Uniloc to show that it could not have reasonably met the original deadline for infringement contentions despite its diligence. *STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004). As noted at the outset, the requirement of diligence is overriding and must not be bypassed. *O2 Micro,* 467 F.3d at 1366-68.

Uniloc provides no explanation regarding its diligence in meeting the original infringement contentions deadline and, specifically, why it could not have originally asserted Claims 21 and 22. And Uniloc's amended contentions rely on the exact same information used in its original contentions. No new evidence is cited that would explain Uniloc's inability to assert Claims 21 and 22 originally. Uniloc has not shown that it could not, despite the exercise of diligence, assert Claims 21 and 22 within the original infringement contention deadline.

With respect to diligence after the original contention deadline, Uniloc insists that its first opportunity to file the motion for leave to amend the contentions was after the stay was lifted. ECF Doc. 105 at 9. This is inaccurate. If Defendants' IPR somehow changed Uniloc's strategy, Uniloc could have diligently sought to amend its contentions right after the IPR was filed while the case was active rather than agreeing to -- and in fact advocating for -- a stay. Uniloc voluntarily stayed its own case. Further, Uniloc represented to this Court that if Claim 107 "is deemed invalid, the present litigation becomes moot." ECF 55, at 2. This is not the sign of a party that is diligently seeking to amend its contentions. Uniloc also argues it cannot be "blamed for delays resulting from Defendants' decision to initiate an IPR or the timing of the PTAB ruling." *Id*. This rhetoric is not even relevant to the issue. Uniloc's duty to diligently identify all asserted claims in its Infringement Contentions existed well before Defendants filed an IPR. Uniloc's lack of diligence in meeting its original deadline cannot be explained away by

3

something that came later. And, rather than attempting to amend its contentions after the IPR, Uniloc chose to advocate for a stay of the case. Uniloc was not diligent in asserting Claims 21 and 22 before Defendants' filed an IPR and it was not diligent after Defendants' IPR.

The record well establishes that Uniloc has not been diligent. Uniloc did not identify Claims 21 and 22 in its original contentions. At no time during the first year of litigation did Uniloc seek to amend its contentions to add Claims 21 and 22. Uniloc did not seek to amend its contentions after its weeklong review of Defendants' source code. Uniloc did not seek to amend its contentions after Defendants filed an IPR. Instead, Uniloc asked Defendants if they would agree to a stay of the litigation and stipulated that the case would be moot if the PTAB invalidated the asserted claim 107. ECF 55, at 2. At no time during this process did Uniloc express any intention or take any steps whatsoever to exercise diligence with regards to amending its infringement contentions.

A review of Uniloc's proposed Amended Contentions further demonstrates that Uniloc relies on the exact same publicly available information it relied on for its original contentions. *Compare* **Ex. 1** (App'x A1 and A2 from Original Infringement Contentions) with **Ex 2** (App'x A1 and A2 from Amended Infringement Contentions). This is fatal to Uniloc's Motion. *RMail Ltd. v. Amazon.com, Inc.*, et al., No. 2:10- cv-00258, ECF 264, at *4 (E.D. Tex. Feb. 8, 2013) (denying motion for leave to amend where plaintiff could have asserted claims at the outset and plaintiff's infringement theories relied on publicly available information). Uniloc's proposed Amended Contentions, relying on the exact same information, show that there can be no viable explanation for Uniloc's decision not to assert Claims 21 and 22 in the first place.

Uniloc's "new" contentions also cause other problems. Claims 21 and 22 are different in scope and subject matter from Claim 107. Claim 107 focused on the software of video game

developers (current Defendants). In contrast, Claims 21 and 22 focus on different actors (Google and manufacturers of devices using the Android operating system), who are not currently defendants in this case.[1] For example, in looking at Claims 21 and 22, which are directed to cellular telephones and a "licensing medium" on the cellular telephone, Defendants' games are not even an element in those claims. For Claim 1 from which Claims 21 and 22 depend, the claimed "registration authority" is alleged to be a Google server that also does not implicate Defendants' products.[2] Additionally, Uniloc's own amended contentions (as well as Amended Complaint) highlight that Uniloc will not have a direct infringement claim against the Defendants as it did when asserting Claim 107. Uniloc does not even attempt to suggest that the Defendants make, use, offer for sale, or sell a "registration authority," "licensing medium," or a "cellular telephone." *Ruby Sand LLC v. American National Bank of Texas*, 2006 WL 3542430, at * 4 (E.D. Texas June 28, 2016) (dismissing with prejudice a direct infringement claim because the plaintiff failed to assert that the defendant makes, uses, offers to sell or sells mobile devices). Uniloc is attempting to assert new claims with a vastly different claim scope than Claim 107 against the wrong Defendants.

Oddly, Uniloc's Motion suggests that courts should allow amendment of infringement contentions "based on information acquired after the infringement contentions were due." ECF Doc. 105 at 9. In fact, nearly all of the cases Uniloc cites to support its Motion involve a situation where the plaintiff uncovers new information during the case and files a motion to

---

[1] This is very likely the reason Uniloc elected not to originally include these claims given the divided infringement challenges it would encounter.

[2] This is particularly true in light of Uniloc's new theory of infringement. Both Uniloc's prior infringement contentions and the source code, which Uniloc inspected, establish that Defendants' software does not have access to "license data" as identified in Uniloc's most recent contentions.

amend contentions shortly thereafter.[3] This is not Uniloc's situation. Uniloc's proposed Amended Contentions do not even reference Defendants' source code that Uniloc previously inspected, or any new information whatsoever. Instead, Uniloc relies on the same publicly available information as used in its original contentions.

Uniloc most heavily emphasizes that Claims 21 and 22 were part of the IPR proceeding, and suggests that this fact somehow shows diligence on its part. An IPR filed after an infringement contention deadline, cannot explain why Claims 21 and 22 were not included in the contentions in the first place. Further, it cannot explain why Uniloc stayed its own case rather than seeking leave to amend. Moreover, Uniloc cites no legal authority whatsoever supporting the proposition that a defendant's IPR strategy in any way relates to the plaintiff's diligence in asserting claims. Uniloc also fails to respond to *Wave Loch, Inc. v. American Wave Machines, Inc.*, where the court denied a motion to amend infringement contentions to add new asserted claims when all previously asserted claims were cancelled, citing a lack of diligence and good cause. 2014 WL 7261552, at *3 (S.D. Cal. Sept. 30, 2014).

Uniloc wholly ignores its burden to show diligence by instead focusing on a purported lack of prejudice. However, as noted above, lack of prejudice, without a showing of diligence, cannot establish good cause. *O2 Micro,* 467 F.3d at 1368 (Plaintiff failed to show good cause to amend its infringement contentions, as such, the question of prejudice was irrelevant). In the absence of diligence, good cause cannot exist even if there is absolutely no prejudice to the non-moving party. *Allvoice Developments US, LLC v. Microsoft Corp.,* 612 F. App'x 1009, 1015 (Fed. Cir. 2015). Because Uniloc cannot establish diligence, Uniloc's emphasis on prejudice is

---

[3] *Arbitron, Inc. v. Int'l Demographics Inc.,* No. 2:06-CV-434 (TJW), 2009 WL 166555, at *2 (E.D. Tex. Jan. 16, 2009); *Tactile Feedback Tech. LLC v. Samsung Elec. Am. et al.,* 2:14-cv-940, Dkt. 84, at *2 (E.D. Tex. July 31, 2015); *Realtime Data, LLC v. Actian Corp. et al.,* No. 06-434, at *8 (E.D. Tex. August 11, 2016).

entirely misplaced.

### B. To the Extent the Court Considers Prejudice, Uniloc's Amended Contentions Highlight the Prejudice to Defendants

The focus of Uniloc's Motion to Amend is the purported lack of prejudice to Defendants. Setting aside that Defendants have already endured a year of litigation to successfully invalidate the sole asserted claim against them, Plaintiff now wants to force the Defendants to defend against Claims 21 and 22, which are not even directed at Defendants' products. Readily apparent from Uniloc's proffered amended infringement contentions is that Google and various manufacturers of **devices** (Defendants do not make or sell cellular telephone devices, but are video game software developers) that use the Android operating system are the true targets of Uniloc's new claims. Uniloc asserted claim 107 against the developer Defendants because that claim was directed to software operating on the user's device – software provided by Defendants. Claims 21 and 22, in stark contrast, are directed to devices that Defendants do not make and Google-side servers (i.e., registration authority) that Defendants do not operate. Thus, Uniloc is attempting to assert claims with an entirely different claim focus and an entirely different infringement theory that reads primarily on if not totally on non-party products. It is unclear how Uniloc could argue this would not be prejudicial to Defendants. *Raytheon Co. v. Indigo Sys. Corp.*, 2008 WL 5378047, at *2 (E.D. Tex. Dec. 23, 2008) (denying motion for leave to amend where amendment asserted new theories of infringement such that case would "essentially start over from scratch," and defendant would have to reassess the new theories and reformulate defense strategy).

Not only is Uniloc advocating a new infringement theory, the theory is wholly contrary to Uniloc's prior allegations. In its original contentions, which were drawn to defendants' software, the "license data" and "verification data" were different. The "license data" was generated on the

7

user-device by Defendants' software and the "verification data" existed on the Google server. Now, to assert Claims 21 and 22, Uniloc shifts so that the "license data" and "verification data" are the same thing, and both are Google-side data.

| Claim Term | Original Contentions | Supplemental Contentions |
|---|---|---|
| License Data | "includes at least one of (1) license validity timestamp, (2) grace period timestamp, (3) maximum retries count, and (4) update timestamp." | "Google account user name, IMSI, and purchase records" |
| Verification Data | "Google account user name, IMSI, and purchase records" | "Google account user name, IMSI, and purchase records" |

This is an absurd shift in a case that Uniloc intends to pursue against app developer-Defendants. Further, Uniloc's apparent assertion that the Defendants' software in any way has access to Google user names, purchase records, etc., is directly contrary to the well-established facts discovered already in this case, as well as the publically available documentation attached as Appendix A1 to Uniloc's "new" contentions.

It is disheartening that Uniloc is attempting to ignore the well-established record regarding how the accused games operate in its effort to create some nuisance value against a group of Defendants that should no longer be its targets. Uniloc's own actions landed it in its current predicament. To save Claims 21 and 22, Uniloc offered testimony of its expert during the IPR (which was relied on by the PTAB) that confirms that the verification and license data must be identical. Specifically, the PTAB found that "verifying the license data" means "comparing the license data to a copy of itself to confirm the two match." **Ex. 3,** PTAB Final Decision at 8. Now, Uniloc necessarily has to propose a "new" infringement theory to fit Claims 21 and 22, and its new theory is contrary to its prior admissions about how the accused product

8

operate, the public information about these products, and the source code previously inspected by Uniloc. It is telling that Uniloc is ignoring all the technical information produced in this case to date as well as the public information attached to its own contentions. In sum, Uniloc's actions are highly prejudicial to Defendants and the Motion to Amend Infringement Contentions should be denied.

DATED: September 19, 2016

Respectfully submitted,

ERISEIP, P.A.

By: /s/ *Megan J. Redmond*
Megan J. Redmond (*pro hac vice*)
Eric A. Buresh (*pro hac vice*)
Caroline A. Bader (*pro hac vice*)
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas 66211
(913) 777-5600
(913) 777-5601 – fax
megan.redmond@eriseip.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 – fax
Melissa@gillamsmith.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via the Court's CM/ECF system this 19th day of September, 2016.

/s/ *Melissa R. Smith*
Melissa R. Smith