IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § <br> § <br> § |
| Plaintiffs, | § CIVIL ACTION NO. 6:12-CV-00462-RWS <br> § (LEAD CASE) <br> § |
| v. | § <br> § |
| DISTINCTIVE DEVELOPMENTS LTD., | § <br> § <br> § |
| Defendant. | § |

## ORDER

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") filed the actions consolidated herein in July, 2012. In its complaints, Uniloc asserted that Defendants[1] infringe "at least claim 107" of U.S. Patent No. 6,857,067 ("the '067 Patent"). *See* Docket No. 1. Pursuant to Local Patent Rules 3-1 and 3-2, Uniloc served its infringement contentions on November 19, 2012. Docket No. 22. Those contentions were also limited to claim 107. Docket No. 71-1 at 1 ("Uniloc asserts that Defendant has infringed and/or continues to infringe claim 107 of [the '067 Patent].").

On June 28, 2013, Defendants filed a petition for *inter partes* review of claims 1, 20–22, 30, 31, 35, 67, 107 and 108 of the '067 Patent. Docket No. 55. The parties jointly moved for a stay on July 17, 2013, and the Court granted the stay pending the outcome of the *inter partes* review on August 6, 2013. Docket No. 59. The Patent Trial and Appeal Board issued its Final Written Decision on December 3, 2014, confirming the validity of claims 21 and 22 but

---

[1] The Defendants remaining in this action are Distinctive Developments Ltd., Gameloft S.E., Halfbrick Studio Pty. Ltd., Laminar Research, LLC and Square Enix, Inc. "Defendants" is used herein to refer both to the remaining Defendants as well as to Defendants that were previously part of the case and have since been dismissed.

invalidating the remaining claims, including claim 107.  Docket No. 72 at 1.  Neither party appealed the Final Written Decision.  *Id.*

On February 13, 2015, Uniloc filed its Motion to Lift the Stay seeking, in part, leave to amend its infringement contentions to substitute claims 21 and 22 for claim 107.  Docket No. 68.  Defendants filed a separate Motion to Lift the Stay on March 2, 2015, seeking to have the action dismissed.  Docket No. 72.  The parties also filed a Joint Motion for Entry of Agreed Docket Control Order (Docket No. 90). The Motions to Lift the Stay were originally heard on August 17, 2016.  Docket No. 96.  The Court declined to rule on the pending motions, ordered Uniloc to proffer proposed amended infringement contentions and further ordered the parties to formally brief a Motion for Leave to Amend.  *See* Docket No. 97 at 36:12–23.

Pursuant to the previous hearing, Uniloc filed its Motions for Leave to File First Amended Complaint and for Leave to Amend Infringement Contentions (Docket Nos. 103, 105).  The Court heard these motions on November 29, 2016.  Docket Nos. 113, 114 ("Tr.").  For the reasons that follow, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Uniloc's Motion to Lift the Stay (Docket No. 68), **GRANTS** Defendants' Motion to Lift the Stay (Docket No. 72), **DENIES AS MOOT** the Joint Motion for Entry of Agreed Docket Control Order (Docket No. 90), and **DENIES** Uniloc's Motions for Leave (Docket Nos. 103, 105).

The Court first addresses Uniloc's Motion for Leave to Amend Infringement Contentions (Docket No. 105).  After the deadline for serving infringement contentions and before a claim construction ruling, leave to amend infringement contentions may be granted only upon a showing of good cause.  P. R. 3-6(b).  The good cause standard requires the movant to show diligence in seeking relief—in this instance, amendment.  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366–68 (Fed. Cir. 2006); *Garmin S & W Enters., L.L.C. v.*

*Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003); *Alexsam, Inc. v. IDT Corp.*, Case No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan 12, 2011); *Realtime Data, LLC v. Packeteer, Inc.*, Case No. 6:08-cv-144, 2009 WL 2590101, at *4 (E.D. Tex. Aug. 18, 2009).

Uniloc has not shown that it was diligent in seeking to amend its infringement contentions. Uniloc has offered no reason why it could not have included claims 21 and 22 in its original infringement contentions or sought to amend those contentions before the stay. Uniloc's proposed amended infringement contentions with respect to claims 21 and 22 rely on the same publicly available information it had prior to the stay and that formed the basis of its allegations with respect to claim 107. Tr. at 13:4–14:6. Even excluding the period in which this action was stayed,[2] Uniloc had over nine months (from November 19, 2012, to August 6, 2013) in which it could have sought leave to amend its infringement contentions using the information already in its possession. Under the circumstances, Uniloc has not shown that it was diligent, and Uniloc's Motion (Docket No. 105) must therefore be **DENIED**.[3]

Uniloc's Motion for Leave to File Amended Complaint (Docket No. 103) is also governed by the good cause standard because the proposed amendment would affect the infringement contentions. Docket No. 29 ("Scheduling Order") at 7–8 ("[I]f the amendment [to the pleadings] would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-[6(b)] irrespective of whether the amendment is made prior to this deadline."); *see also* Tr. at 6:12–15. Accordingly, Uniloc's Motion for Leave to File Amended Complaint must also be **DENIED**.

---

[2] The parties did not dispute, and the Court does not now decide, whether the period in which the action was stayed should count against Plaintiffs.

[3] To the extent that Uniloc's Motion to Lift Stay (Docket No. 68) seeks leave to amend infringement contentions, it is **DENIED-IN-PART**.

Because Uniloc's allegations are limited to claim 107, which has been finally determined to be invalid, the Court hereby **GRANTS** Defendants' Motion to Lift Stay (Docket No. 72). It is therefore

**ORDERED** that the stay of this action is **LIFTED**;[4]

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**;

**ORDERED** that the Joint Motion for Entry of Agreed Docket Control Order is **DENIED AS MOOT**;

**ORDERED** that all other relief not previously granted is hereby **DENIED**; and

**ORDERED** that each party shall bear its own costs and fees incurred in litigating this action.

The Clerk is instructed to close this case.

**SIGNED this 13th day of December, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[4] Uniloc's Motion to Lift Stay (Docket No. 68) is therefore **GRANTED-IN-PART**.